**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**TERRY LEE LANE**                                                     **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 3:25-CV-116-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                          **DEFENDANT**

MEMORANDUM OPINION AND JUDGMENT

Before the court is Plaintiff's complaint for judicial review of a partially unfavorable final decision of the Commissioner of the Social Security Administration regarding his application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 8. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be affirmed.

FACTS

Plaintiff, Terry Lee Lane, filed his applications for benefits on May 13, 2021, alleging disability beginning September 30, 2020. The Social Security Administration denied the claim initially. Following a hearing, the ALJ issued a partially favorable decision on July 17, 2024. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, osteoarthritis of the right knee, depression, and an alcohol use disorder. The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work, with the following additional limitations: occasionally kneel and crouch; perform tasks that are simple in

nature; adapt to occasional changes in the work setting; and frequently interact with others in the work setting.

While Plaintiff does not have any past relevant work, the ALJ found, based on the testimony of the Vocational Expert (VE), that there were jobs in the national economy that would fit within his RFC. For example, the ALJ found he can work as a lens inserter, order clerk, and stuffer. These three jobs represent 251,670; 176,850; and 354,810 jobs respectively in the national economy.

ANALYSIS

Plaintiff argues the ALJ failed to properly consider the medical opinions in this case and failed to consider Plaintiff's upper extremity limitations. He claims the ALJ's assessment of the medical source statements completed by Edith McKinney, Dr. Abdallah, and Dr. Peden fails to sufficiently explain the supportability and consistency factors required under 20 C.F.R. § 404.1520c(b)(2). The regulations provide "[t]he factors of supportability and consistency are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions […] to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions […] in your determination or decision." 20 C.F.R. § 404.1520c(b)(2).

The ALJ found the examiner's objective observations were generally consistent with the evidence from other medical and nonmedical sources. The ALJ noted, however, that some observations were inconsistent and therefore limited in their persuasive effect. For instance, the state agency consultants limited Plaintiff to light work. The ALJ noted that "light work is inconsistent with the claimant's abnormal gait noted at several exams, which would reasonably limit him to sedentary work." Dr. Abdallah opined Plaintiff had no limitations with sitting,

standing, or walking, which the ALJ found unpersuasive given Plaintiff's history of right knee pain and limited range of motion. Similarly, the record supports the ALJ's determination that Plaintiff's mental status exams "were generally normal apart from a depressed mood and flat affect." Plaintiff argues the ALJ should have incorporated limitations into the RFC derived from symptoms he reported to his provided at Communicare. However, as Defendant notes, Plaintiff's reported symptoms are not the provider's opinions. Communicare's records report multiple instances of either all assessments being graded as appropriate or all assessments being graded as appropriate except for depressed mood and flat affect, consistent with the ALJ's finding.

The court finds this is not a situation in which meaningful appellate review of the ALJ's decision-making process is prevented by the lack of an adequate explanation regarding the medical opinions. The ALJ's decision contains a thorough discussion of the record evidence from the alleged onset date. The ALJ's discussion of the record evidence logically supports his conclusions. The court declines to find the ALJ's assessment of the medical records fails to satisfy the requirements of 20 C.F.R. § 404.1520c(b)(2).

The plaintiff next alleges the ALJ erred because he did not further limit the RFC to account for Plaintiff's upper extremity limitations. Plaintiff references three records from Panola Medical Center showing he reported shoulder pain and tenderness and had a decreased range of motion at the time of the medical visits. The ALJ referenced the Panola records and Dr. Abdallah's examination, which noted shoulder pain. Dr. Abdallah also found Plaintiff had 5/5 muscle strength of his deltoids, biceps, triceps, wrist flexion and extension, finger abduction, and hand grip. He found Plaintiff had normal muscle strength and sensation in the upper and lower extremities and opined "no limitations on reaching, grasping, handling, fingering, and feeling." Determining the impact of this evidence on the RFC is solely the ALJ's responsibility and is not

subject to judicial revision – even where the ALJ's rationale could be subject to alternate interpretations. It is the ALJ's province and duty to resolve conflicts in the evidence. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

Accordingly, the Court finds the ALJ's decision is supported by substantial evidence. Therefore, the decision of the Commissioner is hereby **affirmed**.

**SO ORDERED**, this the 26th day of February, 2026.

/s/ **David A. Sanders**
**U.S. MAGISTRATE JUDGE**